**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AIDA I., <br><br>        Plaintiff, <br><br>v. <br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br>        Defendant. | Case No. 22-cv-1423-DEB <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br>**[DKT. NOS. 18, 20]** |

**I.     Introduction**

Plaintiff Aida I. seeks judicial review of the Commissioner of Social Security's denial of her application for disability benefits. Dkt. No. 1.[2] The parties filed cross-motions for summary judgment, and Plaintiff filed a reply. Dkt. Nos. 18, 20–21.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. No. 18), **GRANTS** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 20), and **REMANDS** this matter for further

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

proceedings.

## II.    Procedural Background

Plaintiff applied for disability insurance benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, alleging disability beginning April 1, 2014. AR 110.[3] The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id*. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 107–21. The Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff then filed suit in this Court, which reversed the ALJ's decision and remanded for further proceedings. AR 1751–52; *Aida I. v. Saul*, No. 19-cv-0476-AJB-RNB, 2020 WL 1905356, at *1 (S.D. Cal. Apr. 17, 2020).

On remand, the Appeals Council assigned a different ALJ to conduct a new hearing. AR 1655. Following the hearing, the new ALJ found Plaintiff not disabled. AR 1652–70. The Appeals Council denied Plaintiff's request for review (AR 1645–51), and this case followed.

## III.    Summary of the ALJ's Decision

The ALJ's decision on remand followed the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 1, 2014, the alleged onset date. AR 1658.

At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: asthma; degenerative joint disease of the right shoulder, hands,

---

[3] "AR" refers to the Administrative Record lodged on January 25, 2023. Dkt. Nos. 13–15. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

and knee; low back impairment, status post fusion surgery; and plantar fasciitis, status post-surgery. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. AR 1661.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform light work . . . except limited to occasional postural activity; no climbing of ladders or scaffolds; occasional overhead reaching; frequent reaching below shoulder level, handling and fingering; avoid concentrated exposure to extreme cold, vibration and pulmonary irritants or hazards; mild limitations in all areas of mental functioning; could do detailed or complex  despite variable mood and affect; intact orientation, behavior, speech, behavior, thought, memory, intellect, concentration, alertness, insight and judgment; mild limitations in understand, remember, or apply information; mild limitations in interacting with others; mild limitations in maintain concentration, persistence and pace; mild limitation in adapt and manage  oneself.

AR 1662 (missing words in original).

At step four, the ALJ found Plaintiff could perform her past relevant work as a loan officer and retail sales clerk. AR 1668. The ALJ, therefore, concluded Plaintiff was not under a disability between April 1, 2014 and March 10, 2019. AR 1669.

### IV. Standard of Review

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v.*

*Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' . . . .") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

### V. Discussion

The parties agree the ALJ erred in discounting Plaintiff's subjective symptom testimony, and remand is necessary. Dkt. No. 18 at 7–10, Dkt. No. 20 at 4–9. But they dispute whether the Court should remand for further proceedings or a direct award of benefits. *Compare* Dkt. No. 18 at 5, 9–10 *with* Dkt. No. 20 at 4–9, 11. According to Plaintiff, if the Court were to credit her testimony as true, it would find her disabled because "she could not perform any of her past work and she would grid out at all relevant periods." Dkt. No. 18 at 9. The Commissioner argues remanding for further proceedings is necessary because the "record is not 'free from conflicts and ambiguities,'" and there are "serious doubts as to whether Plaintiff was actually disabled." Dkt. No. 20 at 7, 9. The parties further disagree regarding whether the ALJ erred in finding Plaintiff can perform past relevant work ("PRW") as a loan officer. *Compare* Dkt. No. 18 at 5–7 *with* Dkt. No. 20 at 9–11. Specifically, the parties

disagree whether Plaintiff performed the work long enough to learn it. *Id*.[4]

As discussed below, the Court does not reach Plaintiff's PRW argument. Additionally, the Court does not find the credit-as-true conditions met and, therefore, remands for further proceedings.

### A. Plaintiff's Past Relevant Work

Plaintiff argues the ALJ erred in finding she could perform PRW as a loan officer because she did not perform the job long enough to learn it. Dkt. No. 18 at 5–7. Because the Court is remanding for the ALJ to reassess Plaintiff's subjective symptom testimony and, in turn, Plaintiff's RFC and the step-four and step-five determinations, the Court does not reach this issue. *See, e.g.*, *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). On remand, should the ALJ again find Plaintiff can perform PRW as a loan officer, the ALJ must develop the record to ensure it qualifies as PRW. The current record is unclear whether Plaintiff worked as a loan officer for *over* two years. *See* Dictionary of Occupational Titles ("DOT") 186.267.018 (describing the loan officer position as requiring a Specific Vocational Preparation ("SVP") of 7); *see also* DOT Appendix C (SVP 7 means over two years of training and up to and including four years).

### B. Remanding for Further Proceedings

The Court next addresses the scope of remand. Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with *or without* remanding the cause for a rehearing.'" *Garrison,* 759 F.3d at 1019 (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court may, in "rare

---

[4] The Commissioner concedes the ALJ erred in finding Plaintiff could perform PRW as a retail sales clerk. Dkt. No. 20 at 10.

5

circumstances," remand for an immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1099–1100 (9th Cir. 2014).

The Ninth Circuit has established a three-step "credit-as-true" rule for deciding whether to remand a case for an award of benefits: (1) the ALJ failed to provide legally sufficient reasons for rejecting claimant testimony or medical opinion evidence; (2) the record is fully developed and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020 (citations omitted). Even if all three steps are satisfied, courts maintain "'some flexibility'" in whether to remand for an award of benefits. *Id.* (quoting *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)); *see also Treichler*, 775 F.3d at 1101–02 ("Of course, even when those 'rare circumstances' are present, '[t]he decision whether to remand a case for additional evidence or simply to award benefits is in our discretion[.]'") (quoting *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989)). That is, where the "record as a whole creates serious doubt that a claimant is, in fact, disabled[,]" courts must remand for further proceedings even if all three conditions are met. *Garrison*, 759 F.3d at 1021.

Here, the Commissioner concedes the ALJ erred by improperly discounting Plaintiff's symptom testimony. Dkt. No. 20 at 4, 7. The first step of the three-part test is, therefore, satisfied.

On the second step, however, outstanding issues remain and further proceedings would be useful. As previously discussed, in reevaluating Plaintiff's subjective symptom testimony, the ALJ must reassess the RFC and, in turn, the step-four and step-five determinations. It is unclear how Plaintiff's testimony would impact the RFC, and "it is up to the ALJ, not the court, to determine how these impairments affect the formulation of [Plaintiff]'s RFC." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), *as amended* (Feb. 5 2016) (citation omitted).

Additionally, there are gaps in the record regarding whether Plaintiff worked as a loan officer for more than two years. The record shows Plaintiff worked as a loan officer from 2001 through 2003, but the time she spent working *each* year is unknown. *See, e.g.,* AR 1888–89. For example, at the ALJ hearing, the ALJ asked Plaintiff whether she worked as a loan officer for "*about* two years in duration[,] and Plaintiff replied, "Yes, I worked as a loan officer[,]" but did not confirm the length of time. AR 1691 (emphasis added). Later, in the same hearing, Plaintiff's attorney asked how long Plaintiff worked as a loan officer, and Plaintiff replied she did not think she worked an entire year in 2001 and did not recall how long she worked in 2003 but thought it ranged between three-to-six months. AR 1701. Plaintiff further testified she worked as a loan officer in 2002 but, again, did not specify the duration (e.g., whether she worked the entire year). *Id.* Plaintiff's counsel acknowledged this gap in the record at the hearing. AR 1707 (Plaintiff's counsel asked the ALJ whether "we need any more evidence as far as whether [Plaintiff] did [the loan officer job] for the full two years?"). These gaps make unclear whether Plaintiff, as she suggests, is disabled pursuant to Grid Rule 202.04.[5]

---

[5] Plaintiff's argument focuses on the loan officer position requiring a Specific Vocational Preparation ("SVP") of 7, which requires more than two years of training. Dkt. No. 18 at 6–7. She also contends she "established at the [ALJ] hearing, through the uncontroverted testimony of the vocational expert, that she did not have past relevant work as a Loan Officer because she did not perform the job long enough to learn how to do it." *Id.* at 5 (citing AR 1709). The VE initially testified Plaintiff could perform PRW as a loan officer, AR 1703–05, but later testified Plaintiff "would not be able to pursue employment as a loan officer given the rules today . . . . The position has been elevated to some degree and requires stronger background." AR 1709. Aside from citing to this page in the record, Plaintiff does not develop this argument. Rather, she argues only that the ALJ erred in finding Plaintiff worked as a loan officer for more than two years. *See* Dkt. No. 18 at 6–7. The Court, therefore, addresses only this issue. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (Courts cannot "manufacture arguments" for litigants.) (citation omitted).

Similarly, the ALJ did not make a step-five determination and "that determination may need to be made in order to find Plaintiff disabled." *Best v. Comm'r of Soc. Sec. Admin.*, No. CV-21-08021-PCT-DGC, 2022 WL 227094, at *12 (D. Ariz. Jan. 26, 2022). Further administrative proceedings will resolve these outstanding issues. *See Jordan v. Astrue*, No. CV-10-8065-PHX-DGC, 2010 WL 4906635, at *3 (D. Ariz. Nov. 24, 2010) (finding a "remand for further proceedings, including application of the vocational grids and step five evaluation, is appropriate"); *see also Treichler*, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency."). Because "such outstanding issues do exist," the Court cannot "proceed to the next question, whether the ALJ would be required to find [Plaintiff] disabled" if Plaintiff's testimony were credited as true. *Dominguez*, 808 F.3d at 409–10. It "cannot deem the erroneously disregarded testimony to be true; rather, the [C]ourt must remand for further proceedings." *Id.* at 409.

Finally, the Court is sympathetic to Plaintiff's argument that nine years have passed since she first applied for disability benefits, and the Commissioner should not have a third attempt at remedying errors in the administrative proceedings. But Ninth Circuit law is clear: "When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary." *Leon*, 880 F.3d at 1047 (citation omitted); *see also Treichler*, 775 F.3d at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").[6]

### VI. Conclusion

Based on the foregoing, Court **DENIES** Plaintiff's Motion for Summary

---

[6] Even if the Court were to find all three conditions met, it would remand for further proceedings because the "record as a whole creates serious doubt that [Plaintiff] is, in fact, disabled." *Garrison,* 759 F.3d at 1021.

Judgment (Dkt. No. 18) and **GRANTS** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 20). The Clerk of Court shall enter judgment accordingly.

The Court **REMANDS** to the Commissioner for further consideration and development of the record in accordance with this Order.

**IT IS SO ORDERED.**

Dated:  March 8, 2024

_____
Daniel E. Butcher
United States Magistrate Judge