UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA I., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.: 22-cv-1423-DEB <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> **[DKT. NO. 28]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 28. Neither Plaintiff nor the Commissioner oppose the Motion. Dkt. No. 29 (Commissioner's Statement of Non-Opposition).

For the reasons discussed below, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

In March 2019, Plaintiff Aida I. filed a complaint seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability benefits. *Aida I. v. Saul*, No. 19-cv-0476-AJB-RNB, 2020 WL 434319, at *1

---

[1] Leland Dudek is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

(S.D. Cal. Jan. 28, 2020), *report and recommendation adopted*, No. 19-cv-0476-AJB-RNB, 2020 WL 1905356 (S.D. Cal. Apr. 17, 2020). The Court granted summary judgment in Plaintiff's favor, reversed the Commissioner's decision, and remanded the matter for further proceedings. *Aida I. v. Saul*, No. 19-cv-0476-AJB-RNB, 2020 WL 1905356, at *1 (S.D. Cal. Apr. 17, 2020). Pursuant to a joint motion, the Court awarded Plaintiff $3,510.19 in attorney fees under the Equal Access for Justice Act ("EAJA"). *Aida I.*, 19-cv-0476-AJB-RNB, Dkt. No. 29.

The Commissioner denied Plaintiff's application again on remand, and Plaintiff filed this action for judicial review in September 2022. Dkt. No. 1. The Court reversed the denial of benefits and remanded the case for further proceedings. Dkt. No. 24. Pursuant to the parties' joint motion, the Court awarded Plaintiff $6,300 in attorney fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 27.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $100,393 in past-due disability benefits. Dkt. No. 28 at 5, Dkt. No. 28-3. The Commissioner withheld $25,098.25 from the past-due benefits in the event Plaintiff's counsel requested payment of fees. Dkt. No. 28-4 at 2.

## II.   LEGAL STANDARD

Section 406(b) of the Social Security Act governs counsel's request for fees. Under that provision, attorneys may seek "a reasonable fee" for cases in which they have successfully represented Social Security claimants. 42 U.S.C. § 406(b)(1)(A). This fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of

the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court also "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted).

Finally, the Court must offset the § 406(b) fee award by any fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

### III.   DISCUSSION

Plaintiff's counsel seeks $25,000 in attorney fees, offset by the $9,810.19 EAJA fees, for a net award of $15,189.81. Dkt. No. 28 at 5.[2] The Court has conducted an independent inquiry of the proposed fee award and finds it is reasonable and does not constitute a windfall.

Plaintiff and counsel agreed to a contingent-fee agreement where counsel receives 25 percent of Plaintiff's past-due benefits. Dkt. No. 28 at 8; Dkt. No. 28-1. Counsel is requesting attorney fees of $25,000—the maximum allowed under the contingency agreement and 42 U.S.C. § 406(b). Dkt. No. 28 at 5. Counsel's representation resulted in Plaintiff receiving a favorable decision and an award of past-due benefits. Counsel also "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" the case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

Finally, the Court does not find any reduction is warranted. *See Crawford*, 586

---

[2] Plaintiff's counsel states the awarded EAJA fees amount to $9,810 despite (correctly) identifying the two awards as $3,510.19 and $6,300. Dkt. No. 28 at 1. The Court will use the $9,810.19 amount in line with its orders.

F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citation omitted). There is no evidence of substandard performance or delay, and the requested fees are "not excessively large in relation to the benefits achieved" or the "time spent on the case." *Id.*

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $25,000 (Dkt. No. 28).

The Commissioner is **DIRECTED** to certify payment of a fee award of **$25,000**, made payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's Counsel to refund Plaintiff **$9,810.19** to offset the EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: March 7, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge